**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1406**

IRINA VICTORIA FARQUHAR,

Plaintiff - Appellant,

v.

RYAN D. MCCARTHY, Secretary of the Army, Department of the Army,

Defendant - Appellee,

and

VICTOR HERNANDEZ, Chief, Program Management Directorate; REGINALD L. BAGBY, Director, Contracting, Logistics and Process Improvements, CLPID; MADHUSUDAN B. GOHIL, Chief, Performance Evaluation Division, CLPID; JANET CORBIN, EEO Specialist, USAG Fort Belvoir EEO Office; DEBRA LEE, Director of PEO EIS Human Resources,

Defendants,

UNITED STATES OF AMERICA,

Party-in-Interest.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:18-cv-00724-AJT-IDD)

Submitted: July 31, 2020                         Decided: August 7, 2020

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Irina Victoria Farquhar, Appellant Pro Se.  John Earl Swords, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irina Victoria Farquhar appeals the district court's orders partially dismissing her employment discrimination suit and granting summary judgment on her surviving claim alleging failure to accommodate under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-7961 (Rehabilitation Act). Liberally construed, Farquhar's informal brief challenges the district court's summary judgment hearing and its rulings on her Rehabilitation Act claims.[*] We affirm.

Initially, Farquhar asserts that, during the summary judgment hearing, the district court effectively prevented her from establishing proof of her claims. Our thorough review of the hearing transcript belies Farquhar's claim. Rather, the court provided Farquhar an opportunity to advocate her position and even to supplement the record with additional evidence in support of her arguments. We thus find no error on this basis.

Farquhar also takes issue with the court's construction of her Rehabilitation Act claim, contending that it did not adequately account for her allegations of unlawful retaliation. Farquhar's attempt to bootstrap her allegations of whistleblower reprisal to her Rehabilitation Act claim are unavailing. *See  S.B. ex rel. A.L. v. Bd. of Educ. of Hartford Cty.*, 819 F.3d 69, 78 (4th Cir. 2016) (describing elements of Rehabilitation Act retaliation

---

[*] Insofar as Farquhar seeks in her reply brief and later supplements to raise additional challenges to the district court's rulings, we decline to consider those issues. *See Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 309 n.4 (4th Cir. 2020) (deeming issue first raised in reply brief waived).

claim); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 272 (4th Cir. 2001) (defining "protected activity").

Finally, Farquhar challenges the district court's summary judgment ruling on her failure-to-accommodate claim. "We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). A moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When opposing a properly supported motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate a prima facie case of failure to accommodate under the Rehabilitation Act, Farquhar was required to show that: "(1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) [she] could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1294 (2020). "The Rehabilitation Act does not

require an employer to provide the exact accommodation that an employee requests." *Hannah P. v. Coats*, 916 F.3d 327, 338 (4th Cir. 2019); *see Reyazuddin*, 789 F.3d at 415.

Importantly, to comply with the Rehabilitation Act, "employers need not immediately implement or accept accommodations proposed by an employee." *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 812 (6th Cir. 2020). Nor must an employer move with "maximum speed" in addressing a request for accommodations. *See Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 737 & n.6 (5th Cir. 1999). But "[a]n unreasonable delay in providing an accommodation for an employee's known disability can amount to a failure to accommodate his disability that violates the Rehabilitation Act." *McCray v. Wilkie*, __ F.3d __, No. 19-3145, 2020 WL 4045674, at *3 (7th Cir. Jul. 16, 2020); *see Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1262-63 (10th Cir. 2001) (discussing relevant factors). We have reviewed the record in view of these standards and find no error in the district court's determination that, as a matter of law, Farquhar was not denied or unreasonably delayed her requested accommodations.

Accordingly, we affirm the district court's judgment. We deny Farquhar's motion for appointment of counsel and deny as moot her motion for a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before his court and argument would not aid the decisional process.

*AFFIRMED*